**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CATHERINE MOORE, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | Civil Action No.: 1:25-cv-06562-SDG- |
| ) | RDC |
| BOARD OF REGENTS OF THE ) | |
| UNIVERSITY SYSTEM OF ) | |
| GEORGIA and D. ALAN ) | |
| RUEHLMAN in his official ) | JURY TRIAL DEMANDED |
| capacity, ) | |
| ) | |
| DEFENDANTS. ) | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

1.    **Description of Case:**

(a)    **Describe briefly the nature of this action.**

Plaintiff Catherine Moore ("Plaintiff" or "Ms. Moore") brings this action

raising claims under the Americans with Disabilities Act Amendments Act of 2008,

42 U.S.C. § 12101 *et seq*. ("ADAAA"), Family Medical Leave Act, 29 U.S.C. 2601

*et seq*. ("FMLA"), and the Rehabilitation Act. Plaintiff seeks declaratory and

injunctive relief, money damages, and attorneys' fees. Defendants Board of Regents

of the University System of Georgia ("Board of Regents") and D. Alan Ruehlman

deny liability for Plaintiff's claims.

(b)    **Summarize, in the space provided below, the facts of this case. The**
**summary should not be argumentative nor recite evidence.**

Kennesaw State University (an institution governed by the Board of Regents)

1

employed Ms. Moore from September 2, 2014 until she was terminated in November 2024. At the time she was terminated, Ms. Moore was an Academic Advisor advising Cybersecurity in the Coles College of Business and she was directly supervised by Mr. Ruehlman.

In August 2024, Ms. Moore requested leave under the FMLA to have surgery on her left hip. Ms. Moore ultimately exhausted all her FMLA leave. When it was time to return from her leave in early November 2024, however, Ms. Moore contends she had a complication that required additional time off. Ms. Moore requested leave through mid-January 2025 under KSU's Sick Leave Without Pay policy, which she also asserts was a request for an accommodation under the ADAAA.

In November 2024, Mr. Ruehlmann and several others met to discuss Ms. Moore's request to extend her leave from November 2024 to mid-January 2025. Ultimately, KSU decided not to grant the extension. KSU contends it did not grant the extension because of the negative impact that her continued absence would have on KSU's Department of Academic Affairs and those students she advised.

Ms. Moore contends that that KSU could have accommodated her request to extend her leave because other advisors could have covered her job responsibilities for another two months. Alternatively, Ms. Moore asserts that KSU should have engaged further in the interactive process to determine whether there were other options such as remote work. Finally, Ms. Moore contends that Mr. Ruehlman has

2

a documented history of hostility towards employees taking protective leave.

KSU respectfully denies Ms. Moore's allegations and KSU maintains that it made the appropriate decisions based on the medical documentation Ms. Moore provided in support of request for Sick Leave without Pay.

Ms. Moore's employment was terminated on November 26, 2024.

As a result of these allegations, Ms. Moore contends that KSU discriminated against her and retaliated against her in violation of the ADAA, Rehabilitation Act, and the FMLA. Defendants deny Ms. Moore's allegations.

**(c)    The legal issues to be tried are as follows:**

Plaintiff's Legal Issues:

1. Whether Plaintiff can establish a claim of disability discrimination under the ADAAA for prospective/injunctive relief against Defendant Ruehlman;

2. Whether Plaintiff can establish a claim of failure to accommodate under the ADAAA for prospective/injunctive relief against Defendant Ruehlman;

3. Whether Plaintiff can establish a claim of interference under the ADAAA for prospective/injunctive relief against Defendant Ruehlman;

4. Whether Plaintiff can establish a claim of retaliation under the ADAAA for prospective/injunctive relief against Defendant Ruehlman;

5. Whether Plaintiff can establish a claim of FMLA interference for prospective/injunctive relief against Defendant Ruehlman;

6. Whether Plaintiff can establish a claim of disability discrimination under the Rehabilitation Act against Defendant Board of Regents;

7. Whether Plaintiff can establish a claim of failure to accommodate under the Rehabilitation Act against Defendant Board of Regents;

8. Whether Plaintiff can establish a claim of retaliation under the Rehabilitation

Act against Defendant Board of Regents;

9. Whether Plaintiff suffered damages as a result of Defendants' ADA, FMLA, and/or Rehabilitation Act violations and, if so, the amount of such damages including attorneys' fees and costs; and

10. Whether Plaintiff is entitled to injunctive relief.

Defendant's Legal Issues:

Defendants adopt Ms. Moore's statement of legal issues.

**(d)    The cases listed below (include both style and action number) are:**

(1)    Pending Related Cases: None.

(2)    Previously Adjudicated Related Cases: None.

**2.    This case is complex because it possesses one (1) or more of the features listed below (please check):**

_____**(1)    Unusually large number of parties**
_____**(2)    Unusually large number of claims or defenses**
_____**(3)    Factual issues are exceptionally complex**
_____**(4)    Greater than normal volume of evidence**
_____**(5)    Extended discovery period is needed**
_____**(6)    Problems locating or preserving evidence**
_____**(7)    Pending parallel investigations or action by government**
_____**(8)    Multiple use of experts**
_____**(9)    Need for discovery outside United States boundaries**
_____**(10)    Existence of highly technical issues and proof**
_____**(11)    Unusually complex discovery of electronically stored information**

This case is not complex.

**3.    Counsel:**

The following individually named attorneys are hereby designated as lead counsel for the parties:

4

**Plaintiff:**          Jackie Lee
Lee Meier Burke, LLC
695 Pylant Street NE, Suite 105
Atlanta, GA  30306
jlee@leemeierburke.com

**Defendant:**          William P. Miles, Jr.
Gregory, Doyle, Calhoun & Rogers, LLC
49 Atlanta Street
Marietta, GA 30060
wmiles@gdcrlaw.com

## 4.    Jurisdiction:

Is there any question regarding this Court's jurisdiction?

_____ Yes   _X_ No

If "yes", please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

## 5.    Parties to This Action:

(a)    The following persons are necessary parties who have not been joined:

None.

(b)    The following persons are improperly joined as parties:

None.

(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

5

(d)    The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.    Amendments to The Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a)    List separately any amendments to the pleadings which the parties anticipate will be necessary:

The parties do not anticipate any amendments of the pleadings at this time.

The parties reserve the right to file such amendments as needed in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and any Scheduling Order entered by the Court in this action.

(b)    Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.    Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file

later. Local Rule 7.1A(2).

(a)   *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)   *Summary Judgment Motions*: within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)   *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)   *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## 8.    Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

The Parties do not object to serving Initial Disclosures.

## 9.    Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The Parties do not request a scheduling conference with the Court at this time.

## 10.    Discovery Period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated

discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

(1)    The factual and legal bases of Plaintiff's claims;

(2)    The factual and legal bases of Defendant's defenses;

(3)    Damages (including mitigation), if any;

(4)    Any other issues that may become known or relevant during discovery.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The parties jointly request a four (4) month discovery period.

**11.   Discovery Limitation and Discovery of Electronically Stored Information:**

(a)   What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed:

None. However, for good cause shown, and depending on future developments of this action, the parties may need to modify the current limitations on discovery. Should such modification be required, the parties agree to work together, in good faith, to minimize discovery beyond that allowed under the Federal Rules of Civil Procedure, while maintaining the ability to appropriately litigate the case, and request any such modification from the Court.

(b)   Is any party seeking discovery of electronically stored information?

_____X_____Yes   _____ No

If "yes,"

(1)   The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The Parties have met and conferred and agree to further meet and confer to discuss the discovery of ESI in greater detail, including the following issues, if necessary: (a) collection, search, and review methodologies, including search terms, custodians, and date limitations for ESI; (b) timing for production; (c) cost-allocation

under Rule 26(c)(1)(B) related to the preservation, harvesting, processing, review, and production of ESI requested by a party to meet the proportionality mandates of Rule 26(b)(1); and/or (d) the need to preserve and search sources of ESI that any party identifies as not reasonably accessible pursuant to Rule 26(b)(2)(B).

Further, the Parties will adhere to the obligations and requirements established by the Federal Rules of Civil Procedure and the Local Rules of this Court regarding discovery of ESI. The Parties will work in good faith to engage in the discovery of ESI, including format, proper custodians, search terms, and timeframes. The Parties reserve the right to seek discovery of ESI to the extent allowed under the Federal Rules of Civil Procedure and the Local Rules of this Court. The Parties agree that all discovery (including document production) may be served and/or exchanged electronically by email or other electronic or web-based means. The Parties agree that documents and ESI may initially be produced in searchable PDF format with metadata preserved, and if another format is requested or required, then the Parties will work together in good faith to determine a suitable alternate format for production. The Parties will, to the extent feasible, cooperate to avoid unnecessary expense in connection with such discovery.

(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g.,

10

paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The Parties may initially produce documents and ESI in searchable portable document format ("PDF"). In the event that the Parties stored documents responsive to discovery requests in their usual course of business in another format or in the event that the native format of the document(s) is requested or required, the Parties will confer in good faith to agree upon the format and method of exchange.

In the absence of agreement on issues regarding discovery of ESI, the parties shall request a scheduling conference in paragraph 9 hereof.

## 12.   Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) or (c)?

None.

## 13.   Settlement Potential:

(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on February 11, 2026 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

| For Plaintiff: | Lead counsel (signature): | */s/ Jackie R. Lee* |
| | Other participants: | N/A |

For Defendant:        Lead counsel        */s/ William P. Miles, Jr.*
                      (signature):

                      Other participants:    N/A

(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_X_) A possibility of settlement before discovery.

(__)    A possibility of settlement after discovery.

(__)    A possibility of settlement, but a conference with the judge is needed.

(_)    No possibility of settlement.

(c)    Counsel ( X ) do or (___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is to be determined by the parties.

(d)    The following specific problems have created a hindrance to settlement of this case.

None.

## 14.    Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)    The parties (___) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United

States Magistrate Judge form has been submitted to the clerk of court this _____

day of _____, 2026.

(b)    The parties (X) do not consent to having this case tried before a

magistrate judge of this court.

Respectfully submitted this 27th day of February, 2026.

| | |
|---|---|
| */s/ Jackie Lee* | */s/ William P. Miles, Jr.* |
| Jackie Lee | William P. Miles, Jr. |
| GA Bar No. 419196 | GA Bar No. 505828 |
| Lee Meier Burke, LLC | Gregory, Doyle, Calhoun |
| 695 Pylant Street NE, Suite 105 | & Rogers, LLC |
| Atlanta, GA  30306 | 49 Atlanta Street |
| jlee@leemeierburke.com | Marietta, GA 30060 |
| 404.301.8973 | wmiles@gdcrlaw.com |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and

Discovery Schedule form completed and filed by the parties, the Court orders that

the time limits for adding parties, amending the pleadings, filing motions,

completing discovery, and discussing settlement are as set out in the Federal Rules

of Civil Procedure and the Local Rules of this Court, except as herein modified.  The

discovery period shall be one month.

IT IS SO ORDERED, this _____ day of _____, 2026.


_____
REGINA D. CANNON
UNITED STATES MAGISTRATE JUDGE

14